NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 7, 2022
Decided February 10, 2022

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 21-2300

| | |
|---|---|
| LUIS ROSENDO-GUALPA, <br> *Petitioner*, | Petition for Review of a Final Removal Order of the U.S. Department of Homeland Security. |
| *v.* | No. A043-912-597 |
| MERRICK B. GARLAND, <br> Attorney General of the United States, <br> *Respondent*. | |

**O R D E R**

Luis Rosendo-Gualpa unlawfully reentered the United States after his removal to Ecuador in 2010. When the U.S. Department of Homeland Security discovered that Rosendo-Gualpa had returned to the United States, it reinstated the prior removal order. Rosendo-Gualpa has filed this petition seeking review of the 2010 removal order. Because we lack jurisdiction to review that order, we dismiss his petition.

Rosendo-Gualpa, a native and citizen of Ecuador, was admitted to the United States as a lawful permanent resident in 1993. In 1999, he pled guilty to sexual misconduct in violation of N.Y. Penal Law § 130.20, and he received three years' probation for that conviction. Ten years later, DHS initiated removal proceedings based on that sexual-misconduct conviction. On February 19, 2010, an immigration judge issued an order of removal, and the Board of Immigration Appeals later denied Rosendo-Gualpa's appeal. Rosendo-Gualpa did not seek further review of the removal order, and he was removed to Ecuador in November 2010.

Rosendo-Gualpa reentered the United States at some point before January 2021, when DHS became aware of his presence in the country. Rosendo-Gualpa was subsequently arrested, and he later pled guilty to illegal reentry in violation of 8 U.S.C. § 1326(a). On June 17, 2021, a federal district court sentenced him to time-served (112 days' imprisonment). On June 22, 2021, DHS notified Rosendo-Gualpa that it intended to reinstate his prior removal order. On this notice, Rosendo-Gualpa checked a box indicating that he did "not wish to make a statement contesting this determination." Admin. R. at 1. The immigration officer then determined that Rosendo-Gualpa was "subject to removal through reinstatement of the prior order, in accordance with section 241(a)(5) of the Act." *Id.* On July 14, 2021, Rosendo-Gualpa filed a petition for review in this court. While the petition was pending, he was removed from the United States to Ecuador.

In his petition, Rosendo-Gualpa challenges the immigration judge's 2010 removal order, contending that his sexual-misconduct conviction no longer qualifies as a valid basis for removal under subsequent Supreme Court precedent. But the deadline for direct review of the 2010 removal order has long since passed. See 8 U.S.C. § 1252(b)(1) ("The petition for review must be filed not later than 30 days after the date of the final order of removal."). So Rosendo-Gualpa seeks to collaterally attack the 2010 removal order in this proceeding, which concerns only the reinstatement of the order. But the statutory provision for reinstatement of prior removal orders following illegal reentry bars such attacks. It states:

> If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, *the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed*, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.

8 U.S.C. § 1231(a)(5) (emphasis added).[1] As this text and relevant precedents direct, we have no jurisdiction to review the prior removal order. See *Johnson v. Guzman Chavez*, 141 S. Ct. 2271, 2285 (2021) (Section "1231(a)(5) explicitly prohibits … review or relief from the order after it is reinstated following unlawful reentry."); *Villa v. Barr*, 924 F.3d 370, 371 (7th Cir. 2019) (dismissing petition because the court "lack[ed] jurisdiction to review the underlying order of removal"); *Cordova-Sota v. Holder*, 732 F.3d 789, 790 (7th Cir. 2013) (holding that illegal reentry after removal "permanently bars reopening that earlier removal order").

Instead, we can review only whether DHS properly reinstated the removal order. See *Torres-Tristan v. Holder*, 656 F.3d 653, 656 (7th Cir. 2011). But Rosendo-Gualpa has not challenged the procedures DHS took to reinstate the order of removal. He does not, for example, dispute that he received proper written notice of DHS's decision to reinstate the removal order or challenge the immigration officer's finding that he was subject to a prior order of removal and unlawfully reentered the United States. See 8 U.S.C. § 1231(a)(5); 8 C.F.R. § 241.8(a)–(c).

With no jurisdiction to review the 2010 removal order and no challenge to the reinstatement of that order, we must dismiss Rosendo-Gualpa's petition.

The petition is DISMISSED.

---

[1] Although this provision "refer[s] to the Attorney General, Congress has also empowered the Secretary of Homeland Security to enforce the Immigration and Nationality Act." *Johnson v. Guzman Chavez*, 141 S. Ct. 2271, 2280 n.1 (2021).